IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANCISCO PINEDA, 05042774,<br>                Plaintiff, | )<br>)<br>) |
| v. | )    No. 3:06-CV-030-N<br>)    ECF |
| SHERIFF LUPE VALDEZ and THE DALLAS<br>COUNTY DISTRICT ATTORNEY'S OFFICE,<br>                Defendants. | )<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties:**

Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983. He is confined in the Dallas County Jail and is proceeding pro se. The Court has granted him leave to proceed *in forma pauperis*. Defendants are Dallas County Sheriff Lupe Valdez and the Dallas County District Attorney's Office.

**II. Statement of the Case:**

Plaintiff states Defendants have confined him in the Dallas County Jail for over 180 days without an indictment. He alleges his confinement violates Texas Code of Criminal Procedure articles 32.01 and 171.151. Plaintiff seeks release from confinement and compensatory damages.

**Findings and Conclusions of the
United States Magistrate Judge**      Page -1-

**III.  Preliminary Screening**

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous if it "lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court finds Plaintiff's claims should be dismissed as frivolous.

**IV.  Discussion**

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

In this case, Plaintiff claims that Defendants have violated Texas Code of Criminal Procedure articles 32.01 and 171.151.  He states Defendants have confined him for more than 180 days without an indictment.  Allegations of violations of state law do not raise a claim under § 1983.  Further, a review of Dallas County records shows that Plaintiff was indicted on

September 25, 2000, for aggravated sexual assault of a child, with serious bodily injury. Plaintiff was booked into the Dallas County Jail on May 30, 2005, and is set for trial on June 19, 2006.

Finally, to the extent that Plaintiff seeks release from confinement, this relief is not available under 42 U.S.C. § 1983. Such a request is cognizable only in a habeas corpus action pursuant to 28 U.S.C. § 2241, *et seq. See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).

**RECOMMENDATION**

The Court recommends that Plaintiff's claims pursuant to 42 U.S.C. § 1983 be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Signed this 9th day of May, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -3-

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).